IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AVIS RENT A CAR SYSTEM, LLC,  :
et al.,
                                  Case No. 3:12-cv-399

       Plaintiffs,  :

    v.
                          JUDGE WALTER H. RICE

CITY OF DAYTON, OHIO,  :

       Defendant.

---

ENTERPRISE RENT A CAR  :
COMPANY OF CINCINNATI, LLC
dba  ENTERPRISE RENT-A-CAR, et
al.,
                          Case No. 3:12-cv-405

       Plaintiffs,  :

    v.
                          JUDGE WALTER H. RICE

CITY OF DAYTON, OHIO,  :

       Defendant.

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART, WITHOUT PREJUDICE, DEFENDANT'S MOTION TO COMPEL [PRODUCTION OF] "JOINT LITIGATION, COOPERATION AND CONFIDENTIALITY AGREEMENT" AND PRIVILEGE LOGS (DOC. #24 IN 3:12-CV-399 & DOC. #25 IN 3:12-CV-405); PLAINTIFFS ARE ORDERED TO PRODUCE THE "JOINT LITIGATION, COOPERATION AND CONFIDENTIALITY AGREEMENT" WITHIN SEVEN (7) DAYS FOR AN *IN CAMERA* INSPECTION BY THE COURT; DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF PLAINTIFFS' PRIVILEGE LOGS (DOC. #24 IN 3:12-CV-399 & DOC. #25 IN 3:12-CV-405) IS OVERRULED WITHOUT PREJUDICE; PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DOC. #29 IN BOTH 3:12-CV-399 & 3:12-CV-405) IS OVERRULED WITHOUT PREJUDICE.

Pending before the Court are several motions in the related cases of *Avis Rent A Car System, LLC, et al. v. City of Dayton, Ohio*, Case No. 3:12-cv-399 ("Avis Case") and *Enterprise RAC Company of Cincinnati, LLC dba Enterprise Rent-A-Car et al., v. City of Dayton*, Case No. 3:12-cv-405 ("Enterprise Case"). In both cases, Defendant City of Dayton, Ohio ("City," "Defendant") has filed a Motion to Compel [Production of] Joint Litigation, Cooperation and Confidentiality Agreement and Privilege Logs (Doc. #24 of the Avis Case and Doc. #25 of the Enterprise Case) on February 28, 2013.

Also pending before the Court are the Motions for Protective Order filed by Plaintiffs Avis Rent A Car System, LLC and Budget Rent A Car System, LLC ("Avis Plaintiffs") in the Avis Case (Doc. #29) and Plaintiffs Enterprise RAC Company of Cincinnati, LLC dba Enterprise Rent-A-Car and Vanguard Car Rental USA, LLC dba National and Alamo ("Enterprise Plaintiffs") in the Enterprise Case (Doc. #29). Both motions were filed on March 8, 2013.

For the reasons set forth below, the Court will SUSTAIN in part and OVERRULE in part Defendant's Motion to Compel (Doc. #24 of the Avis Case and Doc. #25 of the Enterprise Case). The Motion is SUSTAINED as to the production of the Joint Litigation, Cooperation and Confidentiality Agreement (hereinafter, "Joint Agreement"), which the Court ORDERS the Plaintiffs to produce to the Court within seven (7) days for an *in camera* inspection. Defendant's Motion to Compel is OVERRULED, without prejudice, with regards to the privilege logs.

2

Furthermore, the Court OVERRULES without prejudice Plaintiffs' Motion for a Protective Order (Doc. #29 of both the Avis and the Enterprise Cases). After the Court's *in camera* inspection of the Joint Agreement and its ruling on the Plaintiffs' claims of privilege concerning said agreement, the parties may renew their overruled motions to the Court, but only if they have first complied with the requirements of the Federal Rules of Civil Procedure for certification of their good faith attempts to confer and resolve their discovery disputes.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Several rental car companies, including the Avis and Enterprise Plaintiffs, lease space from the City in the parking garage of the James M. Cox Dayton International Airport. The Avis and Enterprise Plaintiffs separately filed suit against the City. In the Avis Case, the Plaintiffs filed a Complaint, in which they alleged that the City's implementation of a new permit process governing the garage's allocation of parking spaces to their rental car businesses would breach the parties' existing lease agreements. Doc. #1, Case No. 3:12-cv-399. In Count One, the Avis Plaintiffs alleged breach of contract, and sought preliminary and permanent injunctive relief that would compel the City to honor a twenty-year lease term. *Id.* at 9-10. In Count Two, the Avis Plaintiffs sought a declaratory judgment specifying the parties' legal rights and obligations. *Id.* at 10-11. The Enterprise Plaintiffs also filed a Complaint alleging that the permit process would breach their lease agreement with the City. Doc. #1, Case No. 3:12-cv-405. Count One

3

alleged breach of contract and Count Two sought a declaratory judgment.  *Id.* at 22-24.  The Enterprise Plaintiffs also sought preliminary and permanent injunctive relief, as well as a declaratory judgment specifying the parties' legal rights and obligations.  *Id.*  The Plaintiffs also filed Motions for a Temporary Restraining Order, asking the Court to enjoin the City from proceeding with the implementation of its permit process.  Doc. #3 of Case No. 3:12-cv-399; Doc. #5 of Case No. 3:12-cv-405.  In a telephone conference on December 5, 2012, the City agreed to stay the permit process, and the Court, therefore, overruled as moot Plaintiffs' motions seeking temporary injunctive relief.

Five days later, in a conference call with the Court held on December 10, 2012, the parties indicated that they had set a mutually acceptable discovery plan and briefing schedule in anticipation of a preliminary injunction hearing that was originally scheduled for February 21, 2013.  Doc. #14.  Since then, the Court consolidated the hearing on Plaintiffs' request for preliminary injunctive relief with trial on the merits, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.  Doc. #33.  The trial is scheduled to begin on July 30, 2013.  Doc. #34.  The parties are, therefore, conducting discovery on an abbreviated schedule.  They have raised several issues in a series of overlapping and duplicative motions filed on the dockets of both cases.

As indicated previously, the City filed two Motions to Compel [Production of] Joint Litigation, Cooperation and Confidentiality Agreement and Privilege Logs (Doc. #24 of the Avis Case and Doc. #25 of the Enterprise Case) on February 28,

2013.  The motions are identical in all respects and refer to collectively only to "Plaintiffs," making no distinction between the Avis Plaintiffs or the Enterprise Plaintiffs.  The Court will, therefore, treat both filings as a single Motion to Compel.[1]

In response to the City's Motion to Compel, all Plaintiffs filed Memoranda in Opposition on March 8, 2013.  Avis Case at Doc. #30; Enterprise Case at Doc. #28.  The same day, all Plaintiffs filed Motions for Protective Orders as well.  Doc. #29 of both the Avis and the Enterprise Cases.  The Memoranda in Opposition primarily address the issue of the production of the Joint Agreement, and the Motions for Protective Orders primarily address the issue of the privilege logs.

The City filed a Reply Memorandum in Support of its Motion to Compel on March 18, 2013.  Doc. #31of both the Avis and the Enterprise Cases.  The document was filed on the dockets of both the Avis Case and the Enterprise Case, and the filings are identical.  On March 29, 2013, the City filed a responsive Memorandum in Opposition to Plaintiffs' Motion for a Protective Order.  Doc. #32 of both the Avis and the Enterprise Cases.  Finally, each Plaintiff filed a Reply to the City's Memorandum in Opposition on April 15, 2013.  Doc. #35 of both the Avis and the Enterprise Cases.  Accordingly, the parties' motions are fully briefed and ripe for ruling.

---

[1] For the sake of simplicity, page numbers and references to the Motion to Compel will refer to Doc. #24 of the Avis Case, No. 3:12-cv-399.

## II.  THE JOINT AGREEMENT

Two separate issues are before the Court.  The first concerns whether the Court should compel the Plaintiffs to produce the Joint Agreement, which Plaintiffs refuse to produce or describe.  Plaintiffs claim that the Joint Agreement is protected by the attorney-client privilege, and therefore insulated from discovery under Federal Civil Rule 26(b)(1).  The City argues that the content of the Joint Agreement does not fall within either the attorney-client privilege or the work product doctrine, citing cases in which courts have compelled the production of joint sharing or defense agreements.  Doc. #24 at 6.  The City also argues that the Plaintiffs have failed to show that the attorney-client privilege has been extended to protect the Joint Agreement, through the "common interest doctrine" (an extension of attorney-client privilege "where two or more clients with a common interest in a matter are represented by separate lawyers and agree to exchange information concerning the matter"), because Plaintiffs have provided no facts about the agreement beyond simply asserting that it is privileged. *Id.* at 7; *Reed v. Baxter*, 134 F.3d 351, 357 (6th Cir. 1998).  Furthermore, the City claims that the Plaintiffs fail the legal test of the common interest privilege because they do not share an identical legal interest with each other. *Id.* at 7-9.  Finally, the City argues that, at a minimum, the Joint Agreement should be produced to the Court for an *in camera* review to determine whether it is privileged.  Doc. #24 at 9.

The Avis Plaintiffs respond by arguing that the common interest doctrine does apply, because they share identical legal interests with the Enterprise

Plaintiffs. Doc. #28 at 4. In support, they point to the lease agreements each plaintiff signed with the City, which they allege are "identical in all material respects" to one another, as well as the identical relief sought from the City by all Plaintiffs. *Id.* at 5. The Avis Plaintiffs also believe that the coordinated manner in which the Plaintiffs have presented their case to the Court demonstrates that the common interest doctrine applies, with citations to case law that counter the City's examples. *Id.* at 6. Finally, they point to their identical role in the facts leading up to the litigation, and the fact that the cases were filed within days of one another, as further evidence that the common interest doctrine applies. *Id.* The Enterprise Plaintiffs incorporate all of the Avis Plaintiffs' arguments into their Memorandum in Opposition, but do not present any independent arguments regarding the Joint Agreement. Enterprise Case at Doc. #30.

Under Rule 37(a)(1) of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." The scope of discovery includes "nonprivileged matter that is relevant to any party's claim or defense" in a civil action. Fed. R. Civ. P. 26(b)(1). Federal common law applies to a claim of privilege, except that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Because the Court's jurisdiction is based on the diversity of citizenship of the parties, Ohio law provides the rule of decision for the Plaintiffs' breach of contract claim and the City's defenses. *See* 28 U.S.C. § 1332 (providing diversity jurisdiction based on the citizenship of the parties and the amount in controversy)

7

and 28 U.S.C. § 1652 (requiring application of state law in civil actions in federal court in the absence of applicable federal law). Ohio law, therefore, also applies to Plaintiffs' assertion that privilege protects the Joint Agreement.

The attorney-client privilege, and the common interest doctrine, which Plaintiffs claim protect the Joint Agreement from disclosure, are both recognized under Ohio law. *See* Ohio Rev. Code § 2317.02(A)(1) (protecting attorney-client communications); *State ex rel. Bardwell v. Ohio Atty. Gen.*, 181 Ohio App.3d 661, 2009-Ohio-1265, 910 N.E.2d 504 ¶¶ 87-88 (Ohio Ct. App. 2009) (expanding the attorney-client privilege, through application of the common interest doctrine, to allow the redaction of an email containing communications between two attorneys general discussing an interstate student loan investigation). The common interest doctrine "typically arises in the context of litigation when two parties are either represented by the same attorney or are independently represented but have the same goal in the litigation. Under those circumstances, they may freely share otherwise privileged communications without waiving the [attorney-client] privilege." *Fresenius Medical Care Holdings, Inc. v. Roxana Lab., Inc.*, No. 2:05-cv-0889, 2007 WL 895059 at *2 (S.D. Ohio Mar. 21, 2007).

Plaintiffs believe that the Court should follow the Northern District of Ohio in *Falana v. Kent State University*, No. 5:08-CV-720, 2012 WL 6084630 (N.D. Ohio Dec. 6, 2012), and rule that the Joint Agreement is privileged. In *Falana*, the court allowed the plaintiff to apply for attorney fees after prevailing on a patent claim. *Id.* at *1. The plaintiff requested the production of a joint defense agreement

8

between counsel for several of the defendants. *Id.* at *2. After an *in camera* inspection of the agreement, the court determined that the "agreement was executed to facilitate [the defendants'] common defense interests with respect to plaintiff's inventorship claims and to allow sharing of 'Defense Materials' and communications between and among [defendants'] and their respective counsel without waiving the attorney-client privilege." *Id.* at *3. The court, therefore, ruled that the agreement was "protected from disclosure on the basis of attorney-client privilege/common interest privilege and work-product doctrine," and allowed only the release of redacted correspondence that contained information about the attorneys' fee arrangements. *Id.* at *4.

The Court believes that it would be premature to determine whether the common interest doctrine extends the Plaintiffs' attorney-client privilege to protect the Joint Agreement without an *in camera* inspection of the document in question. In contrast to *Falana*, the Court has not had the opportunity to inspect the allegedly privileged document. Furthermore, Plaintiffs have failed to provide any description of the Joint Agreement at all, much less a description that might satisfy the "minimal standard" required by Rule 26(b)(5)(a) when a party makes a claim of privilege. *See* Fed. R. Civ. P. 26(b)(5)(a) (requiring a party claiming privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed-- and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" of privilege); *see also Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010)

9

(stating that "merely conclusory statements may not be enough to satisfy this minimal standard") (citation omitted).

Finally, even within the extremely broad scope of discovery authorized by the Federal Rules, the relevancy of the Joint Agreement to either "party's claim or defense" has not been established, in spite of the City's assertion that the Joint Agreement contains communications that are "unquestionably relevant." (Doc. #24 at 4). As in *Falana*, an *in camera* review may establish that the Joint Agreement is only broadly relevant to the "subject matter of the action," but not to a claim or a defense the City may mount. Fed. R. Civ. P. 26(b)(1). Under these circumstances, the Court cannot yet rule that privilege applies to the Joint Agreement, nor can it make a ruling regarding whether the Joint Agreement is discoverable, until after performing an *in camera* review of the document. For the foregoing reasons, the Court ORDERS the Plaintiffs to produce the "Joint Litigation, Cooperation and Confidentiality Agreement" for an *in camera* inspection within seven (7) calendar days from the filing date of this Decision and Entry.

## III.   THE PRIVILEGE LOGS

The second issue concerns the scope of Plaintiffs' privilege logs. Initially, the City moved the Court for an order compelling the production of the privilege logs under Rule 26 and Rule 37 of the Federal Rules of Civil Procedure, as well as Local Rule 37.1 and Local Rule 37.2. Doc. #24. The City's motion is partly mooted by Plaintiffs' production of the logs, because Plaintiffs have produced a

10

log that describes communications before November 20, 2012, which Plaintiffs claim is the date that they began to prepare to file suit against the City. Doc. #29 of both the Avis and the Enterprise Cases. Thus, the controversy now concerns their scope, as Plaintiffs have filed Motions for Protective Orders seeking to exclude from the privilege logs any communications or documents created after November 20, 2012.

**A.    The City's Motion to Compel the Privilege Logs (Doc. #24 of the Avis Case, 3:12-cv-399, & Doc. #25 of the Enterprise Case, 3:12-cv-405)**

Federal Civil Rule 37 allows "a party [to] move for an order compelling discovery," but only if the party complies with the following requirement:  "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a). This requirement is echoed in the Court's Local Rules, which require parties to "first exhaust[] among themselves all extrajudicial means for resolving [their] differences," and to include "a certification of counsel setting forth the extrajudicial means which have been attempted to resolve differences" if a party moves the Court for an order to compel discovery.  S.D. Ohio Civ. R. 37.1 & 37.2.

With these requirements in mind, the Court notes that counsel for Defendant certified that counsel "made sincere, good faith efforts to resolve the issue regarding the 'Joint Litigation, Cooperation, and Confidentiality Agreement,'" but failed to certify that the same effort was expended over the privilege logs.  Doc.

11

#24 at 10. In fact, Defendant's counsel specifically admits to *not* having conferred with Plaintiff's counsel regarding the privilege logs, believing that the privilege logs should be included with the Motion to Compel the Joint Agreement for the sake of "efficiency," and because the issues are "intertwined." *Id.* at 9 n. 1. The Court does not believe that disregarding the certification requirement of Civil Rule 37 or Local Rule 37 in any way promotes efficiency. Rather, it is the requirement that "litigants [] seek to resolve discovery disputes by informal means before filing a motion with the court" that promotes efficiency, not one party's unilateral decision to disregard its obligation to confer with opposing counsel. Fed. R. Civ. P. 37 advisory committee's note, 1993 Amend. This is particularly true here, because Defendant admits that Plaintiffs, in fact, agreed to produce the logs on February 1, 2013, several weeks before Defendant filed the Motion to Compel. Doc. #24 at 9 n.1. The Enterprise Plaintiffs claim that after that conversation, the City never responded to their "suggestion regarding the extent to which documents need to be logged; nor did the City answer the Enterprise Plaintiffs' question about whether the City would provide a privilege log." Enterprise Case, Doc. #29 at 3. Instead, motivated by a notion of "efficiency" that did not involve any further consultation with opposing counsel, the City filed a motion to compel Plaintiffs' production of the logs. There was no indication that Plaintiffs were not going to produce the logs. The logs have, in fact, been produced, and the Plaintiffs' Motion for a Protective order has shifted the focus to their scope, further illustrating the futility and inefficiency of considering a motion to compel their

production.  The Court, therefore, overrules Defendant's Motion to Compel with

regards to the Plaintiffs' privilege logs, noting that although the issue is moot,

Defendant failed to properly comply with the certification requirement of the

Federal and Local Rules.  *See Stoutamire v. Joseph*, No. 1:11-cv-242, 2012 WL

6611441 (S.D. Ohio Dec. 19, 2012) (denying motion to compel because plaintiff

failed to include certification required by Federal Civil Rule 37 and Local Rule 37).

**B.    Plaintiffs' Motion for a Protective Order (Doc. #29 of both the Avis Case, 3:12-cv-399, and the Enterprise Case, 3:12-cv-405)**

Rule 26(c) of the Federal Rules of Civil Procedure allows a party to file a

motion for a protective order forbidding or limiting the scope of discovery.  Like

Rule 37, Rule 26(c) contains a certification requirement: "The motion must include

a certification that the movant has in good faith conferred or attempted to confer

with other affected parties in an effort to resolve the dispute without court action."

*Id.*  Plaintiffs, like the City, have failed to provide a certification that they conferred

or attempted to confer with opposing counsel to resolve the issue before filing the

motion.  Instead, Plaintiffs state that they have filed their Motion for a Protective

Order "in response" to the City's Motion to Compel, and point out the City's failure

to confer with them before filing its motion.  Avis Case and Enterprise Case, Doc.

#29 at 2.  Plaintiffs believe that the City's failure to confer "necessitates" its

motion.  *Id.*  A preliminary point must be made.  Any motion brought before the

Court must satisfy each procedural requirement of the rule under which the party

brings the motion.  A party must, therefore, satisfy the certification requirement of

13

Rule 26 when seeking a protective order. The requirement is independent of, and not excused by, another party's failure to satisfy a similar requirement under another rule. If the City's failure to satisfy the certification requirement of Rule 37 "necessitate[d]" the filing of a Motion for a Protective Order, then Rule 26(c) necessitated the certification of some good faith effort by Plaintiffs to confer and resolve the issue before filing its own motion.

Nevertheless, the Court recognizes that a controversy over the scope of the privilege logs remains unresolved between the parties. Specifically, the issue concerns whether the privilege logs must include documents created on or after November 20, 2012, identified by the Enterprise Plaintiffs as "the approximate date" on which they began preparing to file suit against the City.[2] Enterprise Case, Doc. #29 at 3; Avis Case, Doc. #24 at 9 n.1 (stating that "the City of Dayton cannot agree to limit the privilege log to documents created before November 20, 2012"). The Enterprise Plaintiffs have moved the Court for a protective order, arguing that they would suffer undue burden and expense if forced to compile the privilege log the City requests. Avis Case and Enterprise Case, Doc. #29. They estimate that at least fifty hours would be required to "collect, sift through, and review" over 3,000 documents. *Id.* at 5. The Enterprise Plaintiffs also argue that the City has no need for documents they created, particularly as the bulk of them

---

[2] Although the Avis Plaintiffs also filed a Motion for a Protective Order, their Memorandum "incorporates by reference the arguments raised by the Enterprise Plaintiffs" in their Memorandum. Avis Case, Doc. #29 at 2. For this reason, the references above are made to the arguments of the Enterprise Plaintiffs.

were created after the action commenced. *Id.* at 6-9. Finally, even if the privilege log were limited only to communications between the Avis Plaintiffs and the Enterprise Plaintiffs, they claim that the hundreds of documents that would need to be logged "would still present an unnecessary burden." *Id.* at 9.

The City responds by offering to limit the scope of the privilege logs to communications by the Enterprise Plaintiffs "made to counsel for Avis/Budget, made to any employee or representative for Avis/Budget, and/or made to third parties" and to communications by the Avis Plaintiffs "made to counsel for Enterprise, made to any employee or representative for Enterprise, and/or made to third parties."[3] Doc. #32 at 2. The City also disputes the number of documents that the Plaintiffs claim would need to be logged, and claims that it needs the log "to evaluate whether the communications are actually privileged." *Id.* at 3. The fact that creating the privilege log is burdensome, the City argues, is insufficient to relieve Plaintiffs of the responsibility of producing it. *Id.*

In their Reply, the Enterprise Plaintiffs argue that compiling a log of all communications between themselves and the Avis Plaintiffs would be unnecessary for the City to contest their assertion of privilege. Doc. #35. Plaintiffs provide a general description of the communications they shield, and assert that the description satisfies its burden under Rule 26(b)(5)(A) to "describe the nature of

---

[3] The inclusion of communications with third parties in the City's proposal to "limit" the scope of the privilege logs has no utility. As the Enterprise Plaintiffs note, such communications would not be privileged in the first place. Doc. #35 at 4 n.1.

15

the . . . communications ... [to] enable other parties to assess the claim." *Id.* at 3.

In addition, the Enterprise Plaintiffs argue that the burden that all Plaintiffs would

bear to create the log would outweigh any benefit, because the result would only

be "cumulative evidence of what [the City] clearly already knows: the Enterprise

Plaintiffs and the Avis Plaintiffs are coordinating their pursuit of their claims against

the City, and several hundred emails between them have been created as a result."

*Id.* at 6.

　　As stated previously, the scope of discovery includes "nonprivileged matter

that is relevant to any party's claim or defense" in a civil action. Fed R. Civ. P.

26(b)(1). It is often stated that "the Federal Rules of Civil Procedure authorize

extremely broad discovery." *Ward v. American Pizza Co.*, 279 F.R.D. 451,457

(S.D. Ohio 2012) (citing *United States v. Leggett & Platt, Inc.*, 542 F.2d 655 (6th

Cir. 1976)). However, the scope of discovery is not without limit. Unless the

Court, upon a showing of good cause, expands the scope of discovery to include

"any matter relevant to the subject matter involved in the action," the marginally

smaller realm of "discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense" applies. Fed. R. Civ. P. 26(b)(1). Furthermore, Rule

26(b)(1) contains the proviso that "[a]ll discovery is subject to the limitations

imposed by Rule 26(b)(2)(C)," a subsection of the rule that describes mandatory

limitations on the extent of discovery. For example, "the court *must* limit the

frequency or extent of discovery otherwise allowed by these rules or by local rule"

if it makes a determination that "the burden or expense of the proposed discovery

16

outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii) (emphasis added).

For two reasons, the Court declines to issue a protective order at this time. First, the Plaintiffs have not yet fulfilled their burden of establishing that privilege exists. "The burden of establishing privilege rests with the person asserting it." *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983). Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure describes the procedural requirements that the person claiming privilege must fulfill:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Although not expressly required by Rule 26(b)(5)(A), "[a] privilege log has become an almost universal method of asserting privilege under the Federal Rules." *Caudle v. District of Columbia*, 263 F.R.D. 29, 35 (D.D.C. 2009). "The privilege log must be detailed enough to prove that the communications in question were in fact confidential communications relating to legal advice." *Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010) (citation omitted). Here, Plaintiffs have

17

produced a privilege log limited to communications made before November 20,

2012, a date of their choosing, but refused to produce the Joint Agreement, the

document they claim forms the basis for the asserted privilege. Furthermore, their

Rule 26(b)(5)(A) description appears to consist only of the following:

> These communications relate to the Enterprise Plaintiffs' and the Avis
> Plaintiffs' joint legal interests with respect to identical agreements
> with the City, as well as their efforts to jointly and efficiently pursue
> their claims against the City in this Court. The communications
> include discussion of case strategy, arguments made in the various
> motions that the parties have filed, preparation for depositions, and
> other subjects germane to litigating this case.

Doc. #35 at 3.

The two quoted sentences contain insufficient detail to assess Plaintiffs'

claims of privilege. They have not yet demonstrated the existence of the privilege

they seek to protect, and Plaintiffs' Motion for a Protective Order is, therefore,

overruled without prejudice. However, the Court notes that it has ordered

Plaintiffs to produce the Joint Agreement for an *in camera* inspection of its

contents. After the inspection, the Court will rule on the issue of whether the

common interest doctrine applies to communications between counsel for all

Plaintiffs, as they assert. At that point, they may have a sturdier foundation for

their claim of privilege, and Plaintiffs may then choose to renew their Motion for a

Protective Order.

Second, although the Court overrules Plaintiffs' motion, it also observes that

it is not yet convinced that the City's demand that Plaintiffs log all communications

since November 20, 2012, is justified by the issues at stake in the action. Fed. R.

18

Civ. P. 26(b)(2)(C)(iii). Such a privilege log would require Plaintiffs to expend time and resources to itemize hundreds of communications between their attorneys, almost all of which occurred after they filed suit against the City. The Rules of Civil Procedure do not, on their face, limit discovery to the period before an action is filed, and "[t]here is no per se rule barring discovery regarding events which occurred after the date the pending action was filed." *Southwest Hide Co. v. Goldston*, 127 F.R.D. 481, 483 (N.D. Tex. 1989). However, the Court believes that there must be some identifiable benefit resulting from the considerable effort that would justify such an extension of discovery. For example, in *Southwest Hide*, a check kiting scheme occurred after the filing of a complaint alleging a RICO claim. 127 F.R.D. at 482. The scheme justified extending the discovery period because it demonstrated the continuing existence of an enterprise engaged in racketeering, elements of the plaintiff's RICO claim. *Id.* at 488. Likewise, in a negligence action, a party's efforts to make subsequent changes to a product's design after the complaint is filed may warrant an expansion of the discovery period to encompass those efforts. *See Pershing Pacific West, LLC v. MarineMax, Inc.*, No. 10-cv-1345-L, 2013 WL 941617 at *5 (S.D. Cal. Mar. 11, 2013) (expanding discovery to include defendant's post-complaint "attempts to diagnose and repair" a negligently manufactured yacht, even if later ruled inadmissible as evidence of a subsequent remedial measure under Fed.R.Evid. 407). In each of those situations, a nexus existed between the merits of the case and the discovery

19

sought that justified a party's request for information or documents generated after the complaint had been filed.

Here, in contrast, the City has offered forth no connection between the merits of the case, which center on allegations of breach of contract and its defenses to those allegations, and the post-complaint communications of Plaintiffs' counsel. Such communications are only obviously relevant to the Plaintiffs' claims of privilege. The City argues that they must all be logged "to evaluate whether the communications are actually privileged." Doc. #32 at 3. The Court recognizes, based on the City's statement, the possible "relevan[ce] to any party's claim or defense" of the communications, which lie within the extremely broad parameters described by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1). However, the City has not explained the relevance of the communications to its defenses to Plaintiffs' breach of contract claims, which would be the most persuasive way to justify expanding discovery into the post-complaint realm. Nor has the City explained why the existence of the Joint Agreement and the privilege log already provided are insufficient to contest Plaintiffs' claims of privilege. The Court recognizes that the City has not had access to the Joint Agreement. As explained, the Court will rule on the issue of privilege after its *in camera* inspection of the document, at which time the City may renew its Motion to Compel. Until that happens, the City may wish to develop its arguments for compelling the production of a privilege log of Plaintiffs' post-complaint communications. If the City wishes to renew its Motion to Compel, or if Plaintiffs renew their Motion for a

Protective Order, the City will have to articulate a more detailed and convincing rationale for the discovery it seeks.

## IV.  CONCLUSION

For the reasons set forth above, the Court will SUSTAIN in part and OVERRULE in part Defendant's Motion to Compel (Doc. #24 of the Avis Case and Doc. #25 of the Enterprise Case).  The Motion is SUSTAINED as to the production of the Joint Agreement, to the limited extend that the Court ORDERS the Plaintiffs to provide the Court with the "Joint Litigation, Cooperation and Confidentiality Agreement," within seven (7) calendar days of the date of this Decision and Entry, for an *in camera* inspection.  Defendant's Motion to Compel, with regard to the privilege logs sought, is OVERRULED without prejudice.

Furthermore, the Court OVERRULES without prejudice Plaintiffs' Motion for a Protective Order (Doc. #29 of the Avis and the Enterprise Cases).  After the Court's *in camera* inspection of the Joint Agreement and its ruling on the Plaintiffs' claims of privilege with regards to said agreement, the parties may renew their motions to the Court, but only if they have first complied with all procedural requirements for certification of good faith attempts to confer and resolve their discovery disputes.

Date: July 15, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE